IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






AP-75,790






EX PARTE ARTHUR LEE BURTON








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


CAUSE NO. 760321-B IN THE 338
TH JUDICIAL DISTRICT COURT


HARRIS COUNTY






 Per Curiam. 


O R D E R



 This is a post-conviction application for writ of habeas corpus filed pursuant to the
provisions of Article 11.071, Tex. Code Crim. Proc.

 In June 1998, applicant was convicted of the offense of capital murder. The jury
answered the special issues submitted pursuant to Article 37.071, Tex. Code Crim. Proc.,
and the trial court, accordingly, set punishment at death. On direct appeal, this Court
affirmed applicant's conviction but reversed and remanded for a new punishment trial. 
Burton v. State, AP-73,204 (Tex. Crim. App. March 7, 2001)(not designated for
publication). Applicant was retried on punishment and sentenced to death a second time on
September 6, 2002. This Court affirmed applicant's second punishment judgment. Burton
v. State, AP-73,204 (Tex. Crim. App. May 19, 2004)(not designated for publication).

 Applicant presents four allegations in his application in which he challenges the
validity of his second punishment judgment. The trial judge entered findings of fact and
conclusions of law, and recommended that relief be denied. With respect to applicant's
allegations (1), (3), and (4), we have reviewed the record and we adopt the trial judge's
findings. Based upon the trial court's findings and conclusions and our own review, the
relief sought is denied as to claims (1), (3), and (4).

 In his second claim, applicant alleges he was denied effective assistance of trial
counsel when his counsel failed to object at applicant's punishment retrial to testimony by
a prison sociologist about an admission he elicited from applicant during a "classification
interview" which applicant claims constituted custodial interrogation. Upon due
consideration we direct that this cause be filed and set for submission to address
applicant's second claim. Oral argument will be permitted. The parties are ordered to
submit briefs within 60 days of the date of this order. Upon the filing of the briefs, the
Clerk of the Court will notify the parties of the submission and argument date.

 IT IS SO ORDERED THIS THE 7TH DAY OF NOVEMBER, 2007.


Do Not Publish